People v Sansone (2018 NY Slip Op 05368)





People v Sansone


2018 NY Slip Op 05368


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

107910

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ALLEN P. SANSONE, Appellant.

Calendar Date: May 29, 2018

Before: Garry, J.P., McCarthy, Clark, Rumsey and

 Pritzker, JJ.

Cheryl L. Sovern, Clifton Park, for appellant.
Andrew J. Wylie, District Attorney (Timothy Blatchley of counsel), Plattsburgh, for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered September 10, 2015, upon a verdict convicting defendant of the crimes of vehicular assault in the second degree and driving while ability impaired by drugs and the traffic infraction of failure to keep right.
In November 2014, defendant was charged in a four-count indictment with vehicular assault in the second degree, driving while ability impaired by drugs, unreasonable speed and failure to keep right. The charges stemmed from a motor vehicle collision that occurred on June 18, 2014 at approximately 5:50 p.m., when defendant, while operating his
employer's dump trunk, swerved into oncoming traffic, striking a van operated by the victim and causing him serious injuries. After law enforcement arrived on the scene and conversed with defendant, he admitted to having smoked marihuana earlier that day. Following a jury trial, defendant was acquitted of the traffic infraction of unreasonable speed, but was convicted on the remaining counts of the indictment. He was sentenced, as a second felony offender, to a prison term of 2 to 4 years and now appeals.
As defendant did not object to County Court's Sandoval ruling prior to the close of the Sandoval hearing, his challenge to this ruling was not preserved for our review (see People v Nunez, 160 AD3d 1225, 1226 [2018]). Defendant also challenges the severity of his sentence, arguing that the maximum sentence should not have been imposed because he had refrained from [*2]criminal activity following his release from prison five years prior to the collision and maintained full-time employment during that same period. Based on our review of the record, we find no abuse of discretion or extraordinary circumstances warranting a modification of the sentence imposed (see id. at 1227; People v Murdie, 157 AD3d 1166, 1167 [2018]).
Garry, J.P., McCarthy, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.